UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY PIROZZI, DOMINICK MARROCCO,
ANTHONY D'AQUILA, FRANK H. FINKEL,
JOSEPH FERRARA, MARC HERBST,
THOMAS CORBETT, and DENISE RICHARDSON,
as Trustees and Fiduciaries of the Local 282 Welfare,    **REPORT AND**
Pension, Annuity, Job Training, and Vacation and    **RECOMMENDATION**
Sick Leave Trust Funds,    CV10-4841 (ADS) (WDW)

                              Plaintiffs,

       -against-

GIACOMELLI TILE INC.,

                              Defendant.
------------------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

      This matter has been referred to the undersigned by District Judge Spatt for the purpose of issuing a report and recommendation as to the damages to be awarded to the plaintiffs on the default of the defendant. Plaintiffs, the Trustees of Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds, ("Trustees"), seek a judgment compelling the defendant, Giacomelli Tile Inc. ("defendant" or "Giacomelli"), to permit an audit of its wage, payroll, and personnel records from December 29, 2008 through the present. Should Giacomelli fail to cooperate with the audit, plaintiffs seek a monetary award based upon a determination of damages allowed by agreement between the parties.

      Based on the evidence submitted, the undersigned recommends that an order be issued directing defendant Giacomelli to permit and cooperate in the audit of its books and records within thirty days. If Giacomelli fails to comply, it is further recommended that the plaintiffs be awarded the following damages: $119,249.33 in estimated unpaid contributions for the period

from December 29, 2008 through February 28, 2010; interest in the amount of $26,333.24 through December 10, 2010, with additional per diem interest of $58.81 from December 11, 2010 through the date of judgment; additional damages in the amount of $26,333.24 through December 10, 2010, with additional per diem interest of $58.81 from December 11, 2010 through the date of judgment; and attorneys' fees and costs in the amounts of $4,088.00 and $700.30, respectively.

## BACKGROUND

Defendant Giacomelli Time is a party to the Building Material Contractors Industry Contract with Local 282 ("the Union") for the period July 1, 2008 through June 30, 2011 (the "CBA"). Cody Decl., ¶6, Ex. B. The CBA expressly incorporates the Trust Agreement governing the Local 282 Trust Funds (the "Trust Agreement") into the CBA. Cody Decl., ¶7 & Ex. B at §18(g). The Trust Agreement requires Giacomelli to submit remittance reports and contributions to the Plaintiff Funds on behalf of those employees covered by the CBA. The CBA and Trust Agreement further require Giacomelli to submit to periodic audits and to pay any delinquencies revealed by those audits. Here, although the Funds' auditors and counsel requested Giacomelli to submit to an audit for the time period December 29, 2008 forward, the defendant failed to allow an audit, in violation of the CBA. *See* Cody Decl., ¶11.

This action was commenced on October 21, 2010 by the plaintiff Trustees to compel an audit and collect any deficiencies identified by the audit, plus interest, liquidated damages, and attorneys fees and costs pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2). The Complaint also sought contributions and damages pursuant to the Trust Agreement's estimate provisions in the event that Giacomelli did not submit to an audit. Giacomelli failed to answer

the complaint, and the Clerk's noted its default on January 31, 2011. DE [3]. By Order dated February 9, 2011, Judge Spatt entered a default against Giacomelli and referred the matter to the undersigned for a report and recommendation on damages.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant must prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Detailed affidavits and other documentary evidence can provide this basis. *See, e.g., Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991). Here, the plaintiffs have submitted declarations from Theresa Cody, an employee of the Funds responsible for organizing the Funds' records and recording whether employers have submitted monthly remittance reports and contributions to the Funds, and from their attorney, Douglas L. Sanders[1], along with the relevant documents that support their claims. The defendant has not submitted

---

[1]Subsequent to the submission of papers, the firm of Cohen, Weiss and Simon was substituted as plaintiffs' counsel replacing Mr. Sanders and his firm, Friedman & Wolf. *See* DE [9]. Incoming counsel have not expressed any desire to supplement the papers currently before the court.

any opposition, despite my order giving them an opportunity to do so. *See* DE [5]. Accordingly, a hearing on the issue of damages is not necessary.

## I. Audit

As noted *supra*, both the CBA and the Trust Agreement required Giacomelli to submit remittance reports and contributions and to submit to periodic audits and to pay any delinquencies revealed by the audits. The Trustees' auditors notified Giacomelli on two occasions, on or about May 21, 2010 and June 25, 2010, that it was required to submit to an audit. Compl. ¶¶13-14. By letter dated July 21, 2010, the Funds' counsel requested that Giacomelli submit to audit for the period from December 29, 2008 through February 28, 2010. Despite these requests, Giacomelli did not comply.

Plaintiffs are clearly entitled to an audit under both the CBA and the Trust Agreement. It is recommended that an order be issued directing Giacomelli to permit and cooperate in an audit of its records within 30 days of entry of that order.

The Trust Agreement allows plaintiff to recover auditor's fees in the amount of $350, *see* Trust Agreement, Art. IX §3(b), and the plaintiffs seek to recover that amount. If Giacomelli permits the audit to take place, plaintiffs are entitled to recover the $350 fee. If the audit does not take place, I recommend that the $350 not be awarded.

## II. Estimated Damages

The CBA and the Trust Agreement provide for a method of calculating unpaid contributions, interest, and liquidated damages where Giacomelli fails to submit to an audit. *See* Trust Agreement Art. IX, §1(e). Plaintiffs, in their third cause of action in the Complaint, seek an award of those amounts and have provided the necessary support for such an award. As

4

discussed *supra,* it is recommended that defendant first be ordered to submit to an audit. Given defendant's failure to accede to plaintiffs' earlier requests as well as its failure to appear in this action, it seems likely that Giacomelli will continue to refuse to cooperate in an audit. As plaintiffs have provided the necessary support for a calculation of damages under the CBA and the Trust Agreement, I will determine the amount of damages to be awarded should defendant fail to submit to the audit.

According to 29 U.S.C. §1132(g)(2), when a judgment in favor of a plan is entered pursuant to section 1145, the court shall award the plan: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not to exceed 20 percent of the amount of unpaid contributions; (4) reasonable attorneys' fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate. I will now examine the amounts of any such awards.

### A. Delinquent Contributions

Here, the plaintiffs have estimated the contributions owed pursuant to formulae set forth in the Trust Agreement, concluding that Giacomelli owes $119,249.33 in estimated unpaid contributions for the period from December 29, 2008 through February 28, 2010. Cody Decl. ¶¶12-17 & Ex. C. Based on my review of plaintiffs' submissions, I recommend an award of that amount.

### B. Interest

The Trust Agreement, as amended, provides for interest at the rate of 1½% per month, or 18% per year. *See* Cody Decl. ¶18 & Ex. A, Amendment dated 10/28/03. The total amount of

5

interest due through December 10, 2010 is $26,333.24, with additional daily interest of $58.81 from December 11, 2010 through the date of judgment. Cody Decl. ¶¶19-20, 23. I recommend an award of those amounts as interest.

### C. Additional Damages

Pursuant to 502(g)(2)(c) of ERISA, 29 U.S.C.§1132(g)(2)(c) and the Trust Agreement, additional damages are to be awarded in an amount equal to the greater of interest on the unpaid contributions or liquidated damages in the amount of twenty percent of unpaid contributions. *See* Cody Decl. ¶22; Trust Agreement, Art. IX, §3(d). Here, the plaintiffs seek an award of interest as additional damages. As this is the greater amount, I recommend an award of additional damages in the amount of $26,333.24, with additional daily interest of $58.81 from December 11, 2010 through the date of judgment.

### D. Attorneys' Fees & Costs

ERISA requires an award of attorneys' fees and costs upon a determination that an employee benefit plan is entitled to judgment for unpaid contributions. 29 U.S.C. §1132 (g)(2)(D). The Trust Agreement also provides for the recovery of attorneys' fees and costs. Trust Agreement, Art. IX §3(a). When assessing the reasonableness of legal fees, the court must determine the "presumptively reasonable fee" for an attorney's services by looking to what a reasonable client would be willing to pay, keeping in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.,* 575 F.3d 170, 174 (2d Cir. 2009). To calculate the presumptively reasonable fee, the court must first determine a reasonable hourly rate for the legal services performed. *Id.* Reasonable hourly rates in attorney fee awards are determined with reference to a number of

factors, including but not limited to those factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).[2] *See Arbor Hill Concerned Citizens v. County of Albany,* 522 F.3d 182, 186-87 (2d Cir. 2008). Those factors are to be considered within the context of the relevant legal "community," traditionally defined as "the district where the district court sits." *Arbor Hill,* 522 F.3d at 190 (internal citation omitted).

Here, the plaintiffs seek $4,088.00 in attorneys' fees, based on 14.6 hours of work charged by senior associate Douglas Sanders at the rate of $280 per hour. *See* Sanders Decl. Recent ERISA default cases have found rates ranging generally from $200 to $300 to be reasonable, depending upon years of experience and whether the attorney is a partner, a senior associate or a junior associate. *See, e.g., Gesualdi v. BD Haulers Inc.,* 2009 WL 5172859, at *6 (E.D.N.Y. Dec. 22, 2009) (approving rates of $225 for associate with four years of experience and $300 for partner with forty years of experience); *Trustees of the Road Carriers Local 707 Welfare Fund v. Goldberg,* 2009 WL 3497493, at *10 (E.D.N.Y. Oct. 28, 2009) (awarding senior associate with eight years of experience rate of $250) (citing cases); *La Barbera v. Federal Metal & Glass Corp.,* 2009 WL 3461880, at *10 (E.D.N.Y. Oct. 27, 2009) (awarding senior associate with 10 years experience rate of $280) (citing cases). I find that the rates are reasonable for ERISA work in the Eastern District, and that the number of hours expended is also reasonable.

---

[2] The *Johnson* factors, as articulated by the court in *Arbor Hill*, are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitation imposed by the client or the circumstances; (8) the amount involved in the case and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." 522 F.3d at 186, n.3 (citing *Johnson,* 488 F.2d at 717-19).

Thus, I recommend an award of the amount sought.

Plaintiffs also seek costs in the amount of $700.30, consisting of a court filing fee of $350, $330 for service of process fees and $20.30 for postage. *See* Sanders Decl., ¶18, Ex. D. I recommend an award of these costs as well.

## CONCLUSION

For the foregoing reasons, it is recommended that an order be issued requiring defendant Giacomelli to submit to an audit of its records including its payroll records, payroll tax records, business tax returns, cash disbursement records, general ledgers, and truck hiring records for the period from December 29, 2008 through June 30, 2011. If defendant fails to comply within thirty days of service of the above order, it is recommended that plaintiffs be awarded the following damages:

- Unpaid contributions in the amount of $119,249.33;

- Interest in the amount of $26,333.24 through December 10, 2010, with additional per diem interest of $58.81 from December 11, 2010 through the date of judgment;

- Additional interest as liquidated damages in the amount of $26,333.24 through December 10, 2010, with additional per diem interest of $58.81 from December 11, 2010 through the date of judgment; and

- $4,088.00 and $700.30 in attorneys' fees and costs, respectively.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Plaintiffs' counsel is directed to serve a copy of this Report on the defendant and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28

U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
August 18, 2011

 /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge